IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| **Ahmed Bekkouche,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Civil Action Number |
| v. | ) | 11-00282-CV-SJ-JTM |
| | ) | |
| **United Rental, Inc.,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Pending before the Court is the MOTION TO DISMISS WITHOUT PREJUDICE [Doc. 29] filed by plaintiff Ahmed Bekkouche ("Bekkouche"). Defendants United Rentals (North America), Inc. and United Rental Northwest, Inc. (collectively referred to as "United Rentals")[1] oppose the dismissal and alternatively seek summary judgment. Essentially, United Rentals asserts that the case is too far advanced to permit Bekkouche to simply "walk away" with a dismissal without prejudice.

After a defendant has filed an answer or motion for summary judgment, a plaintiff may voluntarily dismiss a case with the consent of all of the parties [FED. R. CIV. P. 41(a)(1)(A)(ii)] or by order of the Court [FED. R. CIV. P. 41(a)(2)]. With regard to the latter:

    (1)    the Court's order may include terms that the Court considers proper, and

    (2)    the Court's order operates as a dismissal without prejudice unless otherwise noted.

FED. R. CIV. P. 41(a)(2). It is "axiomatic" that a dismissal under Rule 41(a)(2) "is not one of right but is rather a matter for the discretion of the trial court." *United States v. Gunc,* 435 F.2d

---

[1] Another defendant, Skyjack, Inc., has not yet entered an appearance.

465, 467 (8th Cir. 1970). Having carefully considered the parties' arguments, the Court has determined to grant Bekkouche's motion to dismiss this action without prejudice subject to one term.

The purpose of FED. R. CIV. P. 41(a)(2) is "primarily to prevent voluntary dismissals which unfairly affect the other side." *Paulucci v. City of Duluth,* 826 F.2d 780, 782 (8th Cir. 1987). To that end, court consider several factors when evaluating a Rule 41(a)(2) request to dismiss without prejudice:

> (1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant.

*Witzman v. Gross,* 148 F.3d 988, 922 (8th Cir.1998). When granting a voluntary dismissal district courts may – and often do -- condition the dismissal on a plaintiff's payment of costs and attorney's fees if the case is refiled. *Belle-Midwest, Inc. v. Missouri Property & Cas. Ins. Guarantee Ass'n,* 56 F.3d 977, 978 (8th Cir.1995). *But see Kern v. TXO Production Corp.,* 738 F.2d 968, 971-72 (8th Cir.1984) (noting that although the payment of expenses and a reasonable attorney fee may properly be a condition for a Rule 41(a)(2) dismissal, "the omission of such condition is not necessarily an arbitrary act").

In this case, the Court does not condition Bekkouche's dismissal on the payment of United Rentals' attorney fees, but does require the payment of costs. In that regard, the Federal Rules of Civil Procedure provide:

> Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party. . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

FED. R. CIV. P. 54(d)(1). *See also* 28 U.S.C. § 1920 (defining the narrow expenses that a federal court may tax as a court cost under the discretionary authority found in Rule 54(d)). Moreover, the law is generally well-settled that:

> [E]ven though [a] Court's dismissal of plaintiffs' claim was without prejudice and was not a dismissal on the merits, defendants are "prevailing parties" for purposes of taxing costs.

*Anderson v. Christian Hosp. Northeast-Northwest*, 100 F.R.D. 497, 498 (E.D. Mo. 1984).

For the foregoing reasons, it is

**ORDERED** that plaintiff's motion to dismiss, filed April 2, 2012 [Doc. 29] is **GRANTED**. The dismissal is without prejudice unless (1) the defendant submits a proper bill of costs <u>and</u> (2) the plaintiff fails to pay such costs.

          */s/ John T. Maughmer*
**John T. Maughmer**
**United States Magistrate Judge**